975 So.2d 73 (2007)
STATE of Louisiana
v.
Harold J. JONES.
No. 2007-KA-0533.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 2007.
*75 Eddie J. Jordan, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, Patrick Enloe, Law Clerk, New Orleans, LA, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Court composed of Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME.
DAVID S. GORBATY, Judge.
On February 4, 2004, defendant, Harold Jones, was charged by bill of information with possession of cocaine, in violation of La. R.S. 40:967. The defendant entered a plea of not guilty at his arraignment on April 16, 2004. After a jury trial on September 28, 2006, the defendant was found guilty as charged. On October 11, 2006, the defendant was sentenced to two years at hard labor with credit for time served. On the same date, the State filed a multiple bill of information, to which the defendant pled hot guilty. At the multiple bill hearing on December 14, 2006, the defendant was adjudicated a fourth felony offender. On December 18, 2006, the trial court set aside the defendant's original sentence and sentenced defendant, under the multiple bill, to twenty years at hard labor without benefit of probation or parole, with credit for time served. Defendant filed motions to reconsider sentence and for appeal. The trial court denied the motion to reconsider sentence but granted the motion for appeal. Defendant subsequently filed this appeal.
FACTS
In the evening hours of January 12, 2004, Officer Warren Keller and his partner, Officer Robert Desevius, were on pro-active patrol, driving eastbound on LaSalle Street approaching the intersection of Washington Avenue and LaSalle Street. The officers observed a white four door Chevrolet Monte Carlo proceed on Washington Avenue, disregarding the red traffic light at the intersection of Washington and LaSalle. The officers made a left hand turn onto Washington Avenue and proceeded behind the vehicle. The officers activated their vehicle's lights and sirens. The driver of the Monte Carlo pulled over in the 2500 block of Washington Avenue.
Officer Keller, over his vehicle's p.a. system, told the occupants of the vehicle to visibly display their hands. Officer Keller stated that the driver, later identified as Daniel Jackson, immediately complied. The passenger, later identified as defendant Harold Jones, looked over his left shoulder towards the officers and then leaned forward in the vehicle towards the front passenger floorboard. The officers then approached the vehicle. Officer Desevius walked to the driver's side of the vehicle. Officer Keller went to the passenger side, shone his flashlight into the car, and told the defendant to show his hands and exit the vehicle. Both Jackson and defendant were then patted down for weapons and placed by the front of the police vehicle. Officer Keller returned to the front passenger side of the Monte Carlo. *76 According to Officer Keller, he shone his flashlight into the vehicle and observed, in plain view, a clear piece of plastic containing rock-like substances which, through his experience, he believed was crack cocaine. Officer Keller then returned to the front of the police vehicle where he arrested and advised defendant of his rights. Thereafter, Officer Keller conducted a search incident to arrest and discovered a zip-lock plastic bag containing a green vegetable matter.
The parties stipulated at trial that if Juan Hong was called to testify, he would qualify as an expert in the testing and analysis of controlled dangerous substances and state that the rock-like substances found on the defendant tested positive for cocaine.
ERRORS PATENTAND ASSIGMENT OF ERROR NUMBER 3
In his third, assignment of error, the defendant seeks a review of the record for patent errors. A review of the record reveals that the sentence imposed by the trial court after adjudicating the defendant a multiple offender is illegal. The trial court sentenced the defendant to serve twenty years at hard labor without benefit of probation or parole. La. R.S. 40:967 and La. R.S. 15:529.1 do not prohibit parole eligibility. La. R.S. 15:529.1 states that the sentences must be served without benefit of probation and suspension of sentence. Thus, the trial court erred when it imposed the sentence to be served without benefit of parole.
Paragraph A of La. R.S. 15:301.1 provides that in instances where the statutory restrictions are not recited at sentencing, they are included in the sentence given, regardless of whether or not they are imposed by the sentencing court. Furthermore, in State v. Williams, XXXX-XXXX (La. 11/28/01), 800 So.2d 790, the Louisiana Supreme Court ruled that paragraph A of the statute self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence, which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute. Hence, this Court need take no action to correct the trial court's failure to specify that the defendant's sentence be served without benefit of suspension of sentence. The correction is statutorily effected. State v. Phillips, XXXX-XXXX (La.App. 4 Cir. 7/23/03), 853 So.2d 675.
No other errors patent were found.
DISCUSSION
ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant argues that the trial court should have granted his motion for mistrial when Officer Keller testified that he found a zip-lock bag of green vegetable matter during the search incident to arrest. The defendant contends that Officer Keller's statement was inadmissible other crimes evidence.
La. C.E. art. 404(B)(1) provides:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral *77 part of the act or transaction that is the subject of the present proceeding.
La.C.Cr.P. art. 770(2) prohibits reference by a judge, a district attorney, or a court official to other crimes by the defendant as to which evidence is not admissible under penalty of mandatory mistrial. If the elements of Article 770 have not been satisfied, the decision on the motion for mistrial is governed by LSA-C.Cr.P. art. 771.
A police officer is not considered a court official under Article 770; and, absent a showing of a pattern of unresponsive answers or improper intent by the prosecutor, a mistrial is not warranted. State v. Nicholson, 96-2110 (La.App. 4 Cir. 11/26/97), 703 So.2d 173. A trial court's ruling on whether or not to grant a mistrial for a comment by a police officer referring to other crimes evidence should not be disturbed absent a clear abuse of discretion. State v. Manuel, 94-0087, 94-0088, (La.App. 4 Cir. 11/30/94), 646 So.2d 489.
In the case at bar, Officer Keller's statement that he found a bag of green vegetable matter incident to a search after the defendant's arrest was not part of a pattern of unresponsive answers. Further, the trial transcript does not reveal any improper intent on the part of the prosecutor. The statement was made while the officer was giving his recitation of the incident which led to the defendant's arrest. Therefore, La.C.Cr. P. article 770 is not applicable, and the appropriate standard for determining whether a mistrial should have been granted is La.C.Cr. P. article 771.
La.C.Cr.P. article 771 provides that when a witness refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible, upon request of the defendant, the defendant's remedy is a request for an admonition or a mistrial. The remark or comment must constitute an unambiguous reference to other crimes. State v. Lewis, 95-0769, (La.App. 4 Cir. 1/10/97), 687 So.2d 1056. On request, the trial court shall admonish the jury to disregard such remark or comment. La. C.Cr.P. art. 771. Upon motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant of a fair trial. Id. The granting of a mistrial under La.C.Cr.P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. State v. Smith, 418 So.2d 515 (La.1982). Mistrial is a drastic remedy which is only authorized where substantial prejudice will otherwise result to the defendant. The determination of whether prejudice has resulted lies within the sound discretion of the trial court. Id.
In State v. Taylor, XXXX-XXXX, pp. 10-11 (La.1/14/03), 838 So.2d 729, 741-42, the Louisiana Supreme Court discussed the admissibility of "other crimes" evidence:
Generally, courts may not admit evidence of other crimes to show defendant is a man of bad character who has acted in conformity with his bad character. However, under La. C.E. art. 404(B)(1) evidence of other crimes, wrongs or acts may be introduced when it relates to conduct, formerly referred to as res gestae, that "constitutes an integral part of the act or transaction that is the subject of the present proceeding." Res gestae events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the state could not accurately present its case without reference to them.

*78 A close proximity in time and location is required between the charged offense and the other crimes evidence "to insure that `the purpose served by admission of other crimes evidence is not to depict defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place.'" State v. Colomb, 98-2813, p. 3 (La.10/1/99), 747 So.2d 1074, 1076 (quoting State v. Haarala, 398 So.2d 1093, 1098 (La.1981)). The res gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evident under the circumstances. State v. Huizar, 414 So.2d 741, 748 (La.1982); State v. Kimble, 407 So.2d 693, 698 (La.1981). In addition, as this court recently observed, integral act (res gestae) evidence in Louisiana incorporates a rule of narrative completeness without which the state's case would lose its "narrative momentum and cohesiveness, 'with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.'" Colomb, 747 So.2d at 1076 (quoting Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)).
In State v. Walker, 99-2217 (La.App. 4 Cir. 10/25/00), 775 So.2d 484, judgment vacated on other grounds, XXXX-XXXX (La.10/12/01), 799 So.2d 461, the defendant argued on appeal that his counsel was ineffective for his failure to object to the introduction of testimony regarding cocaine seized from the trunk of a car and his conviction for possession of that cocaine. The defendant had been charged with possession of cocaine and being a convicted felon in possession of a firearm. The counts were severed, and defendant was tried on the possession of cocaine charge first. The conviction on appeal in Walker was the conviction for being a convicted felon in possession of a firearm. The police officers testified that they observed the defendant open the trunk of a car and place a handgun into it from his waistband. The police apprehended the defendant, seized the key to the trunk, opened it, and found the gun. Next to the gun were several grams of crack cocaine. The defendant argued on appeal that there was no need to include any testimony regarding the narcotics in order to substantiate the charge regarding the firearm. In considering the assignment of error, this Court noted that counsel may have believed that any objection to the evidence would have been overruled by the trial court on the grounds that the evidence was admissible under the res gestae exception because the evidence "was so closely related to the State's case as to the charge of felon in possession of a firearm." Walker, p. 8, 775 So.2d at 489. Prior to discussing whether the defendant's counsel may have not objected as a matter of trial strategy, the Court discussed the res gestae exception and indicated that the evidence was admissible under it, noting that the police officers' "narrative testimony established that all of the events leading up to the defendant's arrest . . . occurred within a short period of time." Walker, p. 7, 775 So.2d at 489. This Court found the assignment of error to be without merit.
In State v. Rodriguez, XXXX-XXXX (La. App. 4 Cir. 3/14/01), 786 So.2d 122, a police officer testified that he saw the defendant throw down a plastic bag, which the officer later discovered, contained contraband. The defendant complained on appeal that the testimony was irrelevant and improperly *79 admitted. This Court concluded that the officer's testimony concerned the res gestae of the present offense and was properly admitted. The Court noted that the officer testified at trial that the defendant took a weapon and bag from his waistband and dropped them at the same time. When the officer went to pick up the weapon and bag, he observed the contraband in the bag and that the gun was fully loaded.
In State v. Suavely, 99-1223 (La.App. 5 Cir. 4/12/00), 759 So.2d 950, arresting officers testified that they found a handgun in the defendant's front right pocket after he was arrested for possession with intent to distribute cocaine. After the officers' testimony, the gun was admitted into evidence. The Fifth Circuit found that the evidence of the discovery of the gun constituted an integral part of the crime of possession with intent to distribute cocaine. The Court noted that the "evidence was used merely to complete the story of the crime on trial and allow the state to accurately present its case." Suavely, p. 7, 759 So.2d at 956.
In the present case, during direct examination, Officer Keller testified that he found a zip-lock bag of green vegetable matter during the search incident to arrest. The statement was part of the officer's testimony concerning the discovery of the cocaine on the passenger side floorboard and the defendant's arrest. The discovery of the marijuana occurred within minutes of the discovery of the cocaine and during the defendant's arrest. As in the cases cited above, the discovery of the marijuana was part of the res gestae. The officer's testimony was used to establish the facts leading up to, and including, the defendant's arrest. The trial court did not err when it denied the defendant's request for a mistrial.
This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER 2
The defendant also argues that the sentence imposed under the multiple bill is excessive. After the multiple offender hearing on December 14, 2006, the defendant was adjudicated a fourth felony offender. On December 18, 2006, he was sentenced to twenty years at hard labor pursuant to La. R.S. 15:529.1(A)(1)(c)(i), which provides in pertinent part:
(c), if the fourth or subsequent felony is such that, upon a first conviction the defendant would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.
In State v. Smith, 2001-2574, p. 7 (La.1/14/03), 839 So.2d 1, 4, the Court set forth the standard for evaluating a claim of excessive sentence:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to . . . excessive . . . punishment." (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest *80 abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La. 11/15/02), 831 So.2d 905, 906.
An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However, as noted in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
Under the Habitual Offender Law, it is presumed that a mandatory sentence is constitutional. State v. Bailey, 2004-85 (La.5/26/04), 875 So.2d 949. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the case to rebut the presumption of constitutionality. Id. It is the defendant's burden to rebut the presumption of constitutionality by demonstrating:
`He is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.'
State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 676 (quoting State v. Young, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531).
There must be substantial evidence to rebut the constitutionality presumption. "The trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant." State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 927. It has been strongly emphasized by the Louisiana Supreme Court that downward departures from a mandatory minimum sentence should occur in rare situations. State v. Lindsey, 99-3256 c/w 99-3302 (La.10/17/00), 770 So.2d 339. The Legislature maintains the sole authority to define criminal conduct and provide penalties for that conduct. State v. Johnson, 709 So.2d at 675. "[I]t is apparent that the Legislature's determination of an appropriate minimum sentence should be afforded great deference by the judiciary." Id. at 676. Although courts have the power to declare these sentences excessive, this should only be done when the court is clearly and firmly convinced that the minimum sentence is excessive. Id. A trial judge cannot rely solely upon the nonviolent nature of the present crime or of previous crimes to justify the rebuttal of the constitutionality presumption. Id.
In State v. Fleming, XXXX-XXXX (La.App. 5 Cir. 4/26/05), 902 So.2d 451, the Fifth Circuit upheld the defendant's sentence of twenty years at hard labor. The defendant *81 was convicted of possession of cocaine, adjudicated a fourth felony offender and sentenced to the mandatory minimum of twenty years without the benefit of parole, probation, or suspension of sentence. The defendant's prior convictions included for robbery, felon in possession of a firearm, and burglary. The court noted that the defendant did not offer sufficient evidence to rebut the presumption that the sentence was constitutional and not excessive. The defendant's' only argument was that the sentence was a needless imposition of pain and suffering for such a small amount of cocaine. The Court recognized that it had previously rejected such arguments. See State v. Johnson, 03-903 (La. App. 5 Cir. 12/9/03), 864 So.2d 645; State v. Bailey, 04-85 (La.App. 5 Cir. 5/26/04), 875 So.2d 949.
In the present case, the defendant was adjudicated a fourth felony offender after the State produced evidence of prior convictions of simple robbery, illegal use of a weapon, and possession of cocaine. While the trial court did not state its reasons for the sentence, it must be noted that it imposed the minimum sentence allowed under the multiple offender statute. Further, the record provides an adequate factual basis for the sentence imposed.
The documents presented by the State reveal that the defendant was originally arrested in 1993 for armed robbery and found guilty of simple robbery. In 1994, the defendant pled guilty to a charge of possession of cocaine. Thereafter, in 1997, the defendant pled guilty to illegal use of a weapon and resisting police officer for which he was sentenced to serve two years at hard labor; said sentence to be served concurrently with time served for a parole violation.
Because the trial court imposed the minimum sentence, the burden rested upon the defendant to rebut the presumption of constitutionality by showing that he was exceptional, i.e., the sentence imposed was not meaningfully tailored to his culpability and the gravity of the offense. The defendant did not produce any evidence to rebut the presumption of constitutionality. His only argument on appeal is that the sentence is extreme for possession of a small amount of cocaine. Such an argument was rejected by the Fifth Circuit Court of Appeal in State v. Fleming, and is also rejected by this Court.
The sentence imposed by the trial court is not excessive. This assignment is without merit.
CONCLUSION
Accordingly, for the foregoing reasons, defendant's conviction is affirmed.
AFFIRMED.