PATRICIA RIVET MURRAY, Judge.
11 Byron Briggs appeals the enhanced sentence of twenty years imposed on him as a multiple offender. For the reasons that follow, we affirm.

STATEMENT OF THE CASE

On October 5, 2007, Mr. Briggs was charged with one count of possession of cocaine. On October 11, 2007, he pled not guilty. On January 7, 2008, the trial court denied Mr. Briggs’ motion to suppress evidence and found probable cause. On July 15, 2008, a bench trial was held, and the trial court found Mr. Briggs guilty of the lesser included offence of attempted possession of cocaine. On July 31, 2008, the State filed a multiple offender bill of information pursuant to La. R.S. 15:529.1, seeking to have Mr. Briggs adjudicated a multiple (fourth felony) offender. On August 20, 2008, Mr. Briggs filed motions for a new trial and to correct an illegal sentence. On October 1, 2008, he filed a motion to declare the sentence mandated by the Habitual Offender Law — that he anticipated would be applied to him — excessive under State v. Dorthey, 623 So.2d 1276 (La.1993). On that date, he also filed a supplemental motion for a new trial.
On October 8, 2008, the trial court denied the motion for new trial, and Mr. Briggs waived his right to a twenty-four hour delay before being sentenced. On | ¡¡that date, the trial court sentenced Mr. Briggs to thirty months. Following a contradictory hearing, Mr. Briggs was found to be a habitual offender (fourth felony), his original thirty month sentence was vacated, and he was resentenced to twenty years, the mandatory minimum sentence under the Habitual Offender Law. This appeal followed.

STATEMENT OF THE FACT S

On August 6, 2007, New Orleans Police Department (“NOPD”) Sergeant David Liang testified that he observed Mr. Briggs standing outside of the Saint Bar at the corner on St. Mary and Hastings Streets in New Orleans. According to Sergeant Liang, he stopped to speak to Mr. Briggs because Mr. Briggs met the *519 description of the suspect in some recent neighborhood thefts. When Mr. Briggs observed Sergeant Liang approaching him, Mr. Briggs immediately tossed an object to the ground, which Sergeant Liang recognized to be crack cocaine. Sergeant Liang placed Mr. Briggs in handcuffs and retrieved the object, which was a piece of crack cocaine wrapped in plastic. Mr. Briggs was advised of his rights and that he was being arrested for possession of crack cocaine.
Pursuant to La. R.S. 15:499, the State introduced the criminal laboratory report, which stated that the piece of white rock-like material tested positive for cocaine.
Mr. Briggs testified in his defense. He testified that on the night of August 6, 2007, he was riding his bicycle home when he was stopped by a police officer and arrested. According to Mr. Briggs, the officer informed him that the reason he was being arrested was because he was a suspect in some recent neighborhood thefts. Mr. Briggs testified that he was first informed that he was being charged with possession of crack cocaine when he was being booked at ^Central Lockup. On cross-examination, Mr. Briggs acknowledged that he had the following prior convictions: in 1998, unauthorized entry into an inhabited dwelling; in 1999, theft; and in 2003, theft and possession of crack cocaine.

ERRORS PATENT

A review of the record for errors patent reveals none.

DISCUSSION

Mr. Briggs’ sole assignment of error is that his enhanced sentence is unconstitutionally excessive. Mr. Briggs was sentenced to twenty years as a fourth offender under the Habitual Offender Law, La. R.S. 15:529.1, which provides a range for attempted possession of crack cocaine as a fourth felony offender of a minimum of twenty years and a maximum of life imprisonment. Mr. Briggs argues the minimum twenty years sentence that he received was excessive.
The minimum sentences imposed by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. The circumstances in which the presumption is rebutted and a departure is warranted are rare. State v. Lindsey, 993302, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343. To rebut the presumption, a defendant must clearly and convincingly show he is exceptional by establishing that due to “unusual circumstances, the defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Id. Contrary to Mr. Briggs’ contention, this is not such a rare case.
Mr. Briggs cites as mitigating factors the relatively minor nature of the instant offense — attempted possession of one-third of a gram of cocaine — and the |4non-violent nature of his prior offenses. His three underlying prior convictions were for (i) simple possession of cocaine, (ii) theft of property valued between $100 and $500, and (iii) possession of stolen property (which he notes was incorrectly referred to in the multiple offender bill as simple robbery). Stated otherwise, Mr. Briggs contends that this case involves “a relatively minor offense by a relatively minor offender.”
Rejecting a similar argument regarding the relatively minor nature of an offense involving a small amount of cocaine, this court in State v. Jones, 07-0533, pp. 10-13, (La.App. 4 Cir. 12/28/07), 975 So.2d 73 at pp. 80-81, reasoned that “[t]he defendant did not produce any evidence to rebut the *520 presumption of constitutionality. His only argument on appeal is that the sentence is extreme for possession of a small amount of cocaine.” See also State v. Fleming, 2004-1218 (La.App. 5 Cir. 4/26/05), 902 So.2d 451 (rejecting a similar argument).
Insofar as the non-violent nature of the Mr. Briggs’ underlying convictions, “the defendant’s history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses.” Lindsey, 99-3302, 99-3256, p. 5, 770 So.2d at 343 (citing Johnson, supra).
Mr. Briggs additionally argues that we should consider that the enhanced sentence that he received — twenty years— was an enhancement of 800% of the maximum sentence he received for attempted possession of cocaine — thirty months. Such a comparison is not relevant to the issue before us. Mr. Briggs is being sentenced as a multiple offender; thus, “the sentence in this case is to punish |Bhim for being a repeat offender.” State v. Jason, 99-2551, p. 7 (La.App. 4 Cir. 12/6/00), 779 So.2d 865, 870.
Mr. Briggs’ argument that a twenty year sentence for a relatively minor offense by one with his particular history does not square with the objective of the multiple offender provisions has some appeal. However, the Legislature has set the enhancement provisions for repeat offenders. Absent unusual circumstances that establish a particular defendant is exceptional so that the mandatory minimum sentence, as applied to him, is nothing more than the needless infliction of pain and suffering, courts do not have the discretion to deviate therefrom.

DECREE

For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.