STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-786

STATE OF LOUISIANA

VERSUS

JARMAN GERARD JONES

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 08-776
HONORABLE JAMES R. MCCLELLAND, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED.

J. Phil Haney
District Attorney
Walter J. Senette, Jr.
Assistant District Attorney
300 Iberia Street, Suite 200
New Iberia, Louisiana  70560
(337) 369-4420
Counsel for:
        State of Louisiana

Paula C. Marx
Louisiana Appellate Project
Post Office Box 80006
Lafayette, Louisiana  70598-0006
(337) 991-9757
Counsel for Defendant/Appellant:
        Jarman Gerard Jones

**Jarman Gerard Jones**
**In Proper Person**
**Avoyelles Correctional Center**
**1630 Prison Road**
**Cottonport, Louisiana  71327**
**Defendant/Appellant**

**KEATY, Judge.**

Defendant, Jarman Gerard Jones, appeals his adjudication as a fourth felony offender and his sentence of thirty years at hard labor, with credit for time served. For the following reasons, we affirm the trial court's adjudication and sentence.

## FACTS AND PROCEDURAL HISTORY

On or about March 31, 2007, the victim, Denise LeBlanc (LeBlanc), and two of her friends went to the Buck Wild Saloon in New Iberia, Louisiana, in LeBlanc's 1994 Honda Accord. Upon their arrival, LeBlanc put the car keys in her front pocket and the trio entered the bar. Approximately forty-five minutes later, LeBlanc prepared to leave and noticed that her vehicle was missing from the parking lot and that the keys were missing from her pocket. She then reported the car as stolen to the Iberia Parish Sheriff's Office.

On April 1, 2007, the vehicle was involved in a pursuit spanning two parishes, St. Landry and Jefferson Davis. The driver of the vehicle, Defendant, was arrested and booked in both parishes. On April 5, 2007, during a recorded interview, Defendant admitted to taking LeBlanc's vehicle, claiming he found the keys on the ground.

Although initially booked in St. Landry Parish, Defendant was later transferred to the Iberia Parish jail. Following an investigation, he was arrested on April 3, 2008, for unauthorized use of a motor vehicle, in violation of La.R.S. 14:68.4. At his June 4, 2008 arraignment, Defendant pled not-guilty, requested counsel and reserved his right to a jury trial. On February 3, 2009, after presiding over a hearing on a motion for other crimes evidence and a La.Code Crim.P. art. 767 hearing,[1] the trial

---

[1] Louisiana Code of Criminal Procedure Article 767 prohibits the State from referring to a defendant's confession or inculpatory statement in its opening statement unless the statement has

1

court found the evidence admissible except for certain lines in a Boykin colloquy[2] that all counsel agreed to exclude.

On February 5, 2009, a petit jury found Defendant guilty as charged. After the jury was released, the State filed a multiple offender bill of information in open court, alleging that Defendant had been convicted of four felonies including the February 5, 2009 conviction, and that he should be sentenced as a habitual offender pursuant to La.R.S. 15:529.1. Defendant pled not guilty. The trial court advised defense counsel that she had fifteen days to file an objection.

On April 2, 2009, the trial court conducted a multiple offender hearing. Because no objections were filed, the only issue at the hearing was the identity of Defendant as being the same person who was previously convicted of the felonies giving rise to the State filing the multiple offender bill. As it presided over both hearings, the trial court took judicial notice that the defendant at the multiple offender hearing was the same defendant convicted of unauthorized use of a motor vehicle on February 5, 2009 in docket number 08-776.

The State filed the bill of information, minute entry, and Boykin colloquy for each of three felonies it was alleging Defendant had been convicted of prior to his February 5, 2009 conviction. Defense counsel did not object to the exhibits being filed and the trial court called for them to be entered. The State then called Officer Patrick Freyou to the stand. Officer Freyou had the opportunity to supervise a man

---

been previously ruled admissible in the case.

[2]"Boykin colloquy" stems from the Supreme Court's "three right articulation" rule, requiring that there be "an express and knowing waiver" of a defendant's privilege against compulsory self-incrimination, right to trial by jury, and right to confront his accusers when taking a guilty plea. *State ex rel. Jackson v. Henderson*, 255 So.2d 85, 89 (La.1971), citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Without such waiver, the guilty plea cannot be taken. *Id*. The waiver cannot be presumed. *Id.*

2

named Jarman Jones in his capacity as a probation/parole officer with the State of Louisiana. He positively identified Defendant as the man he supervised. He then testified that he supervised Defendant after he was granted parole for docket numbers 98-490 and 03-1948, unauthorized use of a motor vehicle and possession of cocaine, respectively. He recited Defendant's birthday and social security number.

The State then asked Officer Freyou to read certain lines from the transcripts of the Boykin colloquies of the three prior felonies; each time, Officer Freyou read a name, date of birth, and social security number. The biographical data read each time was identical to the biographical data he had previously testified belonged to Jarman Jones, whom he had identified earlier in the hearing as Defendant. Officer Freyou also testified that he was familiar with Defendant's signature and, when shown a condition of probation form, positively identified the signature thereon as belonging to Defendant. He also confirmed that the biographical information on a pre-sentence investigation belonged to Defendant.

After the hearing, the trial court found that the State proved, beyond a reasonable doubt, that Defendant was previously convicted of attempted simple burglary in docket number 97-743, unauthorized use of a motor vehicle in docket number 98-490, possession of cocaine in docket number 03-1948, and unauthorized

3

use of a motor vehicle in docket number 08-776,[3] and that Defendant was a fourth felony offender.

On April 23, 2009, the trial court sentenced Defendant to thirty years at hard labor with credit for time served after all counsel confirmed that pursuant to La.R.S. 14:68.4 and La.R.S. 15:529.1, the minimum sentence was twenty years and the maximum was life. In its oral reasons for ruling, the trial court stated that it had considered Defendant's "extensive criminal record" and that it found that "there is an undue risk that [Defendant] will commit another crime as [he has] shown that [he] commit[s] one crime after another." The trial court continued, stating "that a lesser sentence would deprecate the seriousness of [the] crime because not only did [Defendant] commit the crime of unauthorized use of a motor vehicle, upon the police attempting to stop [him, Defendant] led them on a chase through several different parishes."

The trial court found that Defendant "knowingly created a risk of great bodily harm to not only [himself] but to the police that were trying to stop [him] and to all motorists who may have been on the highway while that chase was going on." It found that Defendant was "persistently involved in similar offenses," that he had "no respect for the property of others," and that there were no mitigating circumstances applicable to Defendant's case under La.Code Crim.P. art. 894.1.

---

[3]When the Clerk read the multiple offender bill into the record she indicated that the docket number for Jarman Jones's February 5, 2009 conviction was 08-1846. At the multiple offender hearing, the State referred to the February 5, 2009 conviction as being in docket number 08-1846, and in issuing its finding, the trial court stated: "With the conviction in this Docket Number of Iberia Number 08-1846 the defendant has thereby become a fourth felony offender."

All docket numbers on the minute entries, transcripts, and captions in the record indicate that the docket number correlating to Defendant's February 5, 2009 conviction is 08-776. For purposes of this opinion, we will refer to the docket in which Defendant was convicted on February 5, 2009 as 08-776.

4

Counsel for Defendant made an oral motion for reconsideration of sentence and the trial court denied the motion but gave Defendant credit for time served. No other objections or motions were made at that time.

On October 1, 2009, Defendant filed a post-conviction relief form, seeking an out of time appeal and appointment of appellate counsel. He was granted an out of time appeal on November 13, 2009.

Defendant is now before this court on appeal arguing four assignments of error: in his pro se brief, he seeks a review for errors patent and asserts that his sentence is excessive. Through counsel he argues that the State failed to prove Defendant's conviction in docket number 98-490, that his thirty-year sentence is excessive, and that the trial court erroneously allowed dissimilar and highly prejudicial evidence to be introduced at trial.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After carefully reviewing the record in this case, we find that there are no errors patent.

## DISCUSSION

### *State's Failure to Prove Defendant's Conviction*

Defendant argues that the State did not submit evidence of sentencing in docket number 98-490, unauthorized use of a motor vehicle, and, therefore, the State failed to prove that Defendant was convicted of that predicate offense for purposes of the habitual offender law. As such, Defendant concludes that the State did not prove beyond a reasonable doubt that he was a fourth felony offender.

5

The State answers, asserting that because Defendant did not file a written objection to the habitual offender bill as required by La.R.S. 15:529.1(D)(1)(b), he has waived his right to raise the sufficiency of the evidence used to adjudicate him a fourth felony offender on direct appeal. Louisiana Revised Statutes 15:529.1(D)(1)(b) (emphasis added) provides:

> Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. ***If the person claims that any conviction alleged is invalid, he shall file a written response to the information***. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction alleged in the information was obtained in violation of the constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

This court in *State v. Kittlin*, 97-92 (La.App. 3 Cir. 6/4/97), 695 So.2d 1137, found that a defendant who did not file written objections nor make an objection during the adjudication hearing did not preserve his claim for review. The defendant argued that the evidence presented by the State was insufficient because the *Boykin* colloquies for two of the predicate convictions were not valid. We explained:

> Although he raised other objections to the plea colloquies used, this particular objection was not raised in either the written objections or during the adjudication hearing itself. According to the supreme court, a "defendant remains bound by his failure to raise his present complaint at the time he was adjudicated a multiple offender." *State v. Hall*, 94-3147 (La.6/2/95); 654 So.2d 1085. Furthermore, La.R.S. 15:529.1(D)(1)(b) states that "[a]ny challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Consequently, the Defendant is barred from challenging the validity of his prior guilty pleas on the grounds alleged in his appeal.

6

*Id.* at 1139. Despite our ruling, however, we proceeded with a review of the defendant's claim and found that even if his objection had been preserved, the claim had no merit.

In a more recent case, *State v. Nelson*, 07-701 (La.App. 3 Cir. 1/30/08), 977 So.2d 1061, *writ denied*, 08-494 (La. 10/3/08), 992 So.2d 1009, and *writ denied*, 08-497 (La. 10/3/08), 992 So.2d 1009, this court noted that the defendant failed to object to any of the evidence presented at the habitual offender proceedings and failed to make any generalized objection after being adjudicated a habitual offender. As such, we concluded that the defendant was precluded from raising the issue of the sufficiency of the evidence used to adjudicate him as a habitual offender.

Other appellate courts have ruled similarly on this issue. In *State v. Braziel*, 42,668, pp. 6-7 (La.App. 2 Cir. 10/24/07), 968 So.2d 853, 858-59 (citation and footnote omitted), the second circuit court held, "[w]here the record does not contain a written objection to the multiple offender bill of information, the issue is not preserved for appellate review unless an oral objection is made at the hearing."

Similarly, in *State v. Briscoe*, 99-1841, p. 7 (La.App. 4 Cir. 1/17/01), 779 So.2d 30, 36, *writ denied*, 01-996 (La. 10/4/02), 826 So.2d 1113 (citation omitted), the fourth circuit court stated, "[a]n oral objection is sufficient to preserve objection that trial court erred in adjudicating the defendant a habitual offender on the ground that a predicate conviction was based on an invalid guilty plea." In *Briscoe*, counsel for the defendant objected to the introduction of the evidence produced by the State as to his two predicate convictions, alluding to the possibility of collaterally attacking the guilty pleas on appeal. On appeal, however, the court concluded that defense counsel's action did not set forth a claim and factual basis with particularity as

7

required by La.R.S. 15:529.1(D)(1)(b), and thus, the defendant was barred from raising the issue on appeal.

In the instant case, Defendant challenges the sufficiency of the evidence used to adjudicate him as a multiple offender, claiming that the State did not prove he had been sentenced for one of three predicate offenses. As noted in the habitual offender bill of information found in the record, the State alleged that the Defendant had been convicted of four felonies: 1) attempted simple burglary on October 14, 1997; 2) unauthorized use of a motor vehicle on December 7, 1998; 3) possession of cocaine on May 6, 2005; and, 4) unauthorized use of a motor vehicle on February 5, 2009.

The record is void of a written response to the habitual offender bill of information filed by Defendant as required by La.R.S. 15:529.1(D)(1)(b). Also, the transcript of the habitual offender hearing indicates that the trial court confirmed that an objection had not been filed by Defendant and that the only issue before the court was the identity of Defendant as being the same person who was previously convicted of the crimes set forth in the bill of information.

The State proceeded with the filing of exhibits in support of Defendant's status as a fourth felony offender, including docket number 98-490. As proof of Defendant's conviction in docket number 98-490, the State offered a certified copy of the bill of information, charging him with unauthorized use of a motor vehicle, a minute extract from December 7, 1998, reflecting Defendant's conviction of the charge, and the transcript of his guilty plea taken December 7, 1998.

In response to the exhibits offered, counsel for Defendant stated:

> Well, let me be very careful in what I'm about to say. I want to make sure I have it straight in my mind. We have no objections to their introduction as far as the documents as they speak for themselves. What

we're objecting to is Mr. Duhe's character - description of what the document's prove and/or disprove.

Next, Officer Freyou, Defendant's probation/parole officer, testified that he was first assigned to supervise Defendant when he was granted parole on January 7, 2008 for his conviction in docket number 98-490. Officer Freyou also identified Defendant as the same person he supervised under that docket number. Officer Freyou confirmed that the information obtained from Defendant, his date of birth and social security number, were the same as those found in the proceeding of the Defendant's guilty plea transcript in docket number 98-490. Counsel for Defendant did not object to Mr. Freyou's testimony. Following the trial court's ruling, however, defense counsel objected to the trial court's finding that the State proved Defendant to be a fourth felony offender beyond a reasonable doubt.

Considering the record at hand, Defendant did not preserve the issue for review on appeal. Defendant did not file a written response to the habitual offender bill of information as required by La.R.S. 15:529.1(D)(1)(b). Although Defendant objected to the State's description of what the documents proved and to the trial court's ruling, he did not specifically address whether the State had established his conviction for the predicate offense. As such, Defendant did not set forth a claim and factual basis with particularity as required by La.R.S. 15:529.1(D)(1)(b). *Briscoe*, 779 So.2d 30. Without a contemporaneous objection to preserve the issue, Defendant waived the right to appellate review of that issue.

Although the State did not submit minutes or the transcript of sentencing to prove that Defendant was sentenced in docket number 98-490, the testimony of Officer Freyou indicates that Defendant was, in fact, sentenced. According to Officer Freyou, he was assigned to supervise Defendant while on parole for his conviction in

9

docket number 98-490. If Defendant had never been sentenced for his conviction in docket number 98-490, he would not have been on parole. Defendant did not object to Officer Freyou's testimony, nor did he allege that he was never sentenced.

As noted by the supreme court in *State v. Mays*, 05-2555, p. 2 (La. 5/26/06), 929 So.2d 1231, 1232, "[t]his Court has repeatedly stated that [La.] R.S. 15:529.1(F) does not require the state to use a specific type of evidence to carry its burden at an habitual offender hearing; prior convictions may be proved by any competent evidence." *See State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 53 So.3d 885.

Although Mr. Freyou's testimony in the instant case involved the identity of the Defendant, his testimony also shows that Defendant was sentenced in docket number 98-490. Officer Freyou did not directly address Defendant's sentence or the fact that Defendant was sentenced, but one can easily infer from his testimony that Defendant was sentenced since he was on parole. Accordingly, there is no merit in Defendant's claim that the State did not prove he was sentenced in docket number 98-490.

This assignment of error is without merit.

***Excessive Sentence***

In his next assignment of error, Defendant argues that a thirty-year sentence is excessive for a conviction of unauthorized use of a motor vehicle on the facts relied upon by the State—that Defendant simply picked up some keys and drove off in the victim's car. Defendant asserts there was no violence involved in taking the victim's vehicle, the vehicle had not been broken into or hot-wired, and the victim was nowhere near the vehicle when the offense occurred. Defendant also contends that the trial court failed to consider mitigating circumstances, including the fact he had a child

and sick mother who need his assistance. Lastly, Defendant maintains that none of the prior offenses upon which his adjudication as a fourth felony offender was based were violent. For these reasons, Defendant concludes that his case warrants the minimum twenty-year sentence or a deviation below the minimum.

In opposition to Defendant's claim of excessiveness, the State correctly avers that Defendant's oral motion to reconsider sentence did not provide any grounds for reconsideration and that his *pro se* written motion for reconsideration was not filed timely.[4] As such, the State contends Defendant is barred from raising the excessiveness of his sentence on appeal.

A motion to reconsider sentence must be based upon a specific ground, including claims of excessiveness. La.Code Crim.P. art. 881.1(E). In *State v. Mims*, 619 So.2d 1059, 1059-60 (La.1993), the supreme court addressed this requirement, explaining:

> Under Article 881.1 Defendant must file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness.

Because Defendant failed to effectively assert specific grounds for the reconsideration of his sentence, we address his claim as a bare claim of excessiveness.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

---

[4]Even if Defendant's *pro se* motion for reconsideration had been filed timely, it did not address the issues Defendant is now seeking to argue on appeal.

La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citation omitted).

The penalty for unauthorized use of a motor vehicle is not more than ten years imprisonment, with or without hard labor, or a fine of not more than $5,000, or both. La.R.S. 14:68.4. The applicable sentence enhancement provision of La.R.S. 15:529.1(A) provides:

(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:

(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[.]

Because the underlying conviction for unauthorized use of a motor vehicle is punishable by a term of imprisonment less than Defendant's natural life, pursuant to La.R.S. 15:529.1(A)(4)(a), Defendant's enhanced sentencing exposure is twenty years to life imprisonment. Defendant's thirty-year sentence is in the lower range of possible sentences.

At sentencing, the State stressed that the evidence of Defendant's prior felonies introduced at the habitual offender hearing clearly indicated a pattern of criminal behavior consistent throughout Defendant's adult life. Considering Defendant's continuing criminal activity, the lack of any attempt to reform, and the likelihood of being a repeat offender if released back into society, the State maintained that a significant hard labor sentence was appropriate.

Counsel for Defendant did not offer any evidence for the trial court to consider at sentencing. The trial court confirmed that Defendant was twenty-nine years old, and that Defendant had written a letter to the court. It then stated:

I have considered your extensive criminal record in this matter.

I suspect you must have some other problem, maybe drugs, alcohol or a combination of substance abuse problems that make you the danger to society that you are.

I've considered the sentencing guidelines found in Code of Criminal Procedure Article 894.1 and I find that there is an undue risk that you will commit another crime as you have shown that you commit one crime after another, I cannot imagine how many crimes you may have committed that were not solved and that you were found guilty of, and certainly, you are a fourth offender and those are the ones that I will consider.

That you need correctional treatment or a custodial environment that can be provided most effectively by your commitment to an institution; that a lesser sentence would deprecate the seriousness of your crime because not only did you commit the crime of unauthorized use of a motor vehicle, upon the police attempting to stop you, you led them on a chase through several different parishes as I recall the testimony at trial. And I find that knowingly created a risk of great bodily harm to not only yourself but to the police that were trying to stop you and to all motorists who may have been on the highway while that chase was going on.

I find that you've been persistently involved in similar offenses of this nature where you seem to have no respect for the property of others and I note specifically your previous unauthorized use of a motor vehicle conviction and your previous attempted burglary conviction.

I've also reviewed Article 894.1 for any mitigating circumstances and I fail to see that there are any mitigating circumstances that would be applicable in this case. For a man who is 29 years of age, you have amassed an amazing criminal record.

Defendant urges this court to find that his thirty-year sentence is excessive and that his sentence should be reduced to no more than the minimum time allowed by law, twenty years. A court must consider several factors when determining whether or not to depart from the minimum sentence imposed pursuant to La.R.S. 15:529.1. The supreme court explained:

The Legislature enacted the Habitual Offender Law pursuant to its sole authority under Article 3, § I of the Louisiana Constitution to define conduct as criminal and to provide penalties for such conduct. This Court has repeatedly held that the statute is constitutional and therefore, the minimum sentences the statute imposes upon multiple offenders are presumed to be constitutional, and should be accorded great deference by the judiciary. However, courts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution even though it falls within the statutory limits provided by the Legislature.

In *State v. Dorthey*, [623 So.2d 1276, 1280 (La.1993),] we held that this power extends to the minimum sentences mandated by the Habitual Offender Law and that the trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment" or is nothing more than "the purposeful imposition of pain and suffering" and "is

14

grossly out of proportion to the severity of the crime." *State v. Dorthey*, *supra* at 1280-1281.

Thereafter, in a series of writ grants, we acted to curtail the district court's use of *Dorthey* in cases in which it appeared that the courts were simply substituting their judgment of what constituted an appropriate penalty for that of the Legislature.

This effort culminated in [*State v.*] *Johnson*, [97-1906 (La. 3/4/98), 709 So.2d 672,] where we set out guidelines for when and under what circumstances courts should exercise their discretion under *Dorthey* to declare excessive a minimum sentence mandated by the Habitual Offender Law. We held that "[a] court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut [the] presumption of constitutionality" and emphasized that "departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations." *State v. Johnson*, *supra* at 676, 677. To rebut the presumption that the mandatory minimum sentence is constitutional, Defendant must clearly and convincingly show that:

> [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

*Id*. (Citing *State v. Young*, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 529 (Plotkin, J., concurring)).

In making this determination, we held that "while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive." *Id*. This is because the defendant's history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses. *Id*.

In addition, we held that the trial judge must keep in mind the goals of the statute, which are to deter and punish recidivism, and, we instructed that the sentencing court's role is not to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders, but rather to determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana's constitution. *Id*. at 677.

>Finally, we held that if a trial judge finds clear and convincing evidence which justifies a downward departure, he is not free to sentence the defendant to whatever sentence he feels is appropriate under the circumstances, but must instead sentence the defendant to the longest sentence which is not constitutionally excessive. *Id*.

*State v. Lindsey*, 99-3302, 99-3256, pp. 4-5 (La. 10/17/00), 770 So.2d 339, 342-43, *cert. denied*, 532 U.S. 1010, 121 S.Ct. 1739 (2001) (citations omitted).

Subsequent to the *Lindsey* ruling, courts have been reluctant to deviate from the sentence imposed by the trial court. In *State v. Quinn*, 38 So.3d 1102, the defendant was convicted of possession of cocaine, adjudicated a fourth offender, and sentenced to the mandatory minimum of twenty years. The trial court considered the defendant's criminal history which included two convictions for simple robbery, two convictions for possession of cocaine, and a conviction for false imprisonment. The trial court also noted that the defendant could not be given a suspended sentence or probation, that he was in need of correctional treatment, and that a lesser sentence would deprecate the seriousness of the offense. Lastly, the trial court declined to find the defendant was exceptional under *Dorthey*, 623 So.2d 1276, due to his criminal history and because he had committed several crimes of violence. On appeal, finding that the minimum sentence is presumed to be constitutional pursuant to the supreme court's ruling in *Lindsey*, 770 So.2d 339, this court concluded that the defendant's sentence was not excessive.

In *State v. Murphy*, 09-805 (La.App. 5 Cir. 2/23/10), 34 So.3d 886, *writ denied*, 10-690 (La. 10/15/10), 45 So.3d 1110, the defendant was convicted of possession of a controlled substance in the form of a psychoactive drug. He was found to be a fourth felony offender and was sentenced to thirty years at hard labor. On appeal, the defendant complained that his sentence was unconstitutionally excessive, considering

that the underlying offense was relatively minor. The court affirmed the sentence, finding that the defendant's prior convictions for distribution of narcotics showed a continuing pattern that was not forestalled by previous convictions and terms of imprisonment.

In *State v. Briggs*, 09-148 (La.App. 4 Cir. 8/19/09), 19 So.3d 517, *writ denied*, 09-1964 (La. 4/5/10), 31 So.3d 355, the defendant was sentenced to twenty years as a fourth offender, the minimum possible sentence for his conviction of attempted possession of crack cocaine. On appeal, the defendant argued that the minimum was excessive considering the relatively minor nature of the offense and the non-violent nature of his prior offenses. His three underlying prior convictions included simple possession of cocaine, theft of property valued between $100 and $500, and possession of stolen property. In affirming the sentence on appeal, the court reasoned:

> Rejecting a similar argument regarding the relatively minor nature of an offense involving a small amount of cocaine, this court in *State v. Jones*, 07-0533, pp. 10-13, (La.App. 4 Cir. 12/28/07), 975 So.2d 73 at pp. 80-81, reasoned that "[t]he defendant did not produce any evidence to rebut the presumption of constitutionality. His only argument on appeal is that the sentence is extreme for possession of a small amount of cocaine." *See also State v. Fleming*, 2004-1218 (La.App. 5 Cir. 4/26/05), 902 So.2d 451 (rejecting a similar argument).

> Insofar as the non-violent nature of the Mr. Briggs' underlying convictions, "the defendant's history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses." *Lindsey*, 99-3302, 99-3256, p. 5, 770 So.2d at 343 (citing *Johnson*, *supra*).

*Id*. at 519-20.

Considering the facts of the instant case in light of jurisprudence discussed herein, Defendant's sentence is not excessive, nor does it warrant a departure below the statutory minimum sentence of twenty years. Although the instant offense may be

17

considered relatively minor and the predicate offenses are not crimes of violence, Defendant's convictions show the type of continuing pattern of criminal activity for which La.R.S. 15:529.1 was intended to deter and punish. *See Murphy*, 34 So.3d 886 and *Lindsey*, 770 So.2d 339. Additionally, the trial court's imposition of a near-minimum sentence reflects its consideration of potential mitigating factors. Accordingly, Defendant's sentence is affirmed.

***Dissimilar Evidence***

In his final assignment of error, Defendant argues that the trial court erred in allowing dissimilar, highly prejudicial evidence of other crimes with minimal to no probative value to be introduced at trial in docket number 08-776.

On February 3, 2008, the State filed a "Notice of Intent to Use and Motion for Pretrial Determination of Admissibility of Other Crimes Evidence." At a hearing held that same day, the State introduced a certified copy of a bill of information and *Boykin* colloquy from Iberia Parish, docket number 98-490, *State v. Jarman Jones*. Next, Officer Freyou testified that he supervised Defendant's parole in docket number 98-490 wherein Defendant was convicted of unauthorized use of a motor vehicle on December 7, 1998.

The factual basis set forth in Defendant's plea in docket number 98-490 was read aloud by Officer Freyou. Counsel for Defendant did not contest the evidence presented by the State or call any witnesses on Defendant's behalf.

The State also argued that under La.Code Evid. art. 404(B), it was entitled to use the evidence submitted for the following reasons:

> He's been clearly identified by Mr. Freyou as the person who was convicted under Iberia Docket 98-490.

> The recitation of the factual basis and the admission by the defendant of being responsible and guilty of unauthorized use of a motor vehicle, that any issues arising at trial dealing with 404-B issues, lack of knowledge, mistake, accident, intent, all of the 404-B systems, are all matters that are relevant for this similar type offense and charge during that trial.
>
> And for that limited purposes [sic], it is available and should be available to the state to use.

Defense counsel did not offer any argument to refute the State's request to use the evidence at trial.

The trial court subsequently held, "[b]ased upon the showing, I find that the evidence is admissible under 404-B for the knowledge, intent, systems exceptions that are given in 404-B." Defendant did not object to the trial court's ruling. Counsel then proceeded to redact two sections of the *Boykin* colloquy that contained inadmissible evidence of other crimes.

At trial, the State called Officer Freyou to testify again about Defendant's prior conviction for unauthorized use of a motor vehicle in docket number 98-490. A certified copy of the bill of information and guilty plea colloquy were introduced into evidence with no objection from Defendant. Officer Freyou then read aloud the factual basis for Defendant's guilty plea with no objection made by Defendant.

Now on appeal, Defendant alleges for the first time that the State's introduction of other crimes evidence should not have been allowed by the trial court because there was no system to the two offenses and no probative value in the prior offense to establish knowledge or intent. Article 841 of the Louisiana Code of Criminal Procedure provides, in pertinent part, "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." There was no objection raised by Defendant to the trial court's ruling allowing the introduction of his prior offense or when it was introduced at trial. Accordingly, in the absence of a

19

contemporaneous objection at time of the trial, Defendant may not argue the issue on appeal, and thus, the issue is not considered herein. *State v. Todd*, 03-1230 (La.App. 3 Cir. 2/4/04), 866 So.2d 1040, *writ denied*, 04-588 (La. 7/2/04), 877 So.2d 143.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the adjudication and sentence of the trial court is affirmed.

**AFFIRMED.**