WATKINS, Judge.
James Griffin was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62. He withdrew his original plea of not guilty, pled guilty as charged, and was subsequently sentenced to imprisonment at hard labor for a term of ten years.[1] In bringing this appeal, defendant urges as his only assignment of error that the trial court erred by imposing an excessive sentence and failing to follow the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1.
The presentence investigation report reveals that the instant offense occurred on January 12, 1987, in Baton Rouge. On the day in question, defendant kicked in the door to a residence, entered the residence and stole property belonging to the victim. According to the victim, he suffered a loss of five hundred dollars as a result of the offense, i.e., three hundred dollars for the cost of repairs to the door of his residence and two hundred dollars worth of property stolen during the offense.
Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Tate, 506 So.2d 546 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, 367 So.2d at 767. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
A trial court’s reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.1, are an important aid to this *828 Court when reviewing a sentence alleged to be excessive. State v. Christy, 509 So.2d 829 (La.App. 1st Cir.), writ denied, 513 So.2d 296 (La.1987). The trial court need not recite the entire checklist found in LSA-C.Cr.P. art. 894.1. However, the record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). Even when the trial court has not complied with LSA-C.Cr.P. art. 894.1, this Court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Davis, 448 So.2d at 653.
Simple burglary is punishable by a fine of not more than two thousand dollars and/or imprisonment with or without hard labor for not more than twelve years. LSA-R.S. 14:62. Herein, defendant received a sentence of ten years at hard labor; and no fine was imposed.
The presentence investigation report revealed that defendant had an extensive juvenile record involving theft, criminal damage to property, simple burglary, simple assault, possession of stolen things, aggravated battery and attempted forcible rape. The presentence investigation report revealed that, although defendant was only eighteen years old and classified as a first felony offender, defendant’s adult criminal record included a January 5, 1986 arrest for simple robbery in reference to which he entered a guilty plea to a reduced charge of misdemeanor theft and was placed on one year of supervised probation. Thereafter, defendant’s probation was terminated unsatisfactorily because of numerous arrests and a conviction for disturbing the peace and simple assault.
The presentence investigation report concluded with a recommendation that defendant be sentenced to a lengthy period of incarceration for the instant offense. In support thereof, the report specifically referred to defendant's history of criminal conduct as both a juvenile and an adult and defendant’s propensity for violence toward other persons.
At sentencing, the trial court stated that it had reviewed the presentence investigation report. The court asked defense counsel and defendant if they desired to make any statement on behalf of defendant prior to imposition of sentence. Defense counsel replied that he and defendant had no objection to the contents of the presentence investigation report. Defense counsel also informed the court that he wanted to reiterate statements he had made earlier to the court (apparently in chambers); but defense counsel did not articulate those statements for the record. Defendant stated that he had nothing to say on his own behalf.
In its reasons for sentencing, the trial court carefully and in detail reviewed defendant’s juvenile and adult criminal record as reflected in the presentence investigation report. The court stated that it found that any lesser sentence would deprecate the seriousness of the offense and that defendant was in need of correctional treatment or a custodial environment that could best be provided by defendant’s commitment to a correctional institution for the term of imprisonment the court intended to impose. The court further stated that, based on defendant’s prior criminal record, there was an undue risk that during any type of suspended sentence defendant would commit another crime.
In our view, the trial court adequately complied with the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1; and the sentence imposed is not apparently severe in relation to defendant or the offense committed. Under the circumstances of this case, we are unable to say that the trial court abused its discretion in sentencing defendant to ten years imprisonment at hard labor. Thus, we do not find defendant’s sentence to be excessive.
AFFIRMED.

. The sentence imposed in this case was ordered by the trial court to be served concurrently with a sentence of twenty years at hard labor for defendant’s conviction of aggravated burglary, bearing number KA 88 0767 on this Court’s appellate docket. That case is also decided on this date. 536 So.2d 824.