I,STEWART, J.
The defendant, Claude Wayne Burns, pled guilty to one count of simple burglary, a violation of La. R.S. 14:62, in exchange for the state’s agreement not to file a multiple offender bill. The defendant received the maximum sentence of 12 years at hard labor. He now appeals the sentence as excessive. We affirm the defendant’s conviction and sentence.
FACTS
The matters of record show that on May 7, 2001, the defendant made an unauthorized entry into a 1976 Chevrolet truck. The owner of the truck discovered the defendant in the vehicle with his hands on the steering wheel and the engine running. The defendant was also in possession of a blue ice chest that had been stolen from the truck. After the victim notified the police, the defendant was apprehended and charged with one count of simple burglary in violation of La. R.S. 14:62, which prohibits the unauthorized entry of any vehicle with the intent to commit a felony or theft therein and is punishable by a fine of not more than $2000, imprisonment with or without hard labor for not more than twelve years, or both. On September 17, 2001, the defendant pled guilty as charged in exchange for the state’s agreement not to file a multiple offender bill. After reviewing a pre-sentence investigation report (“PSI”), which set forth the defendant’s lengthy criminal history, the trial court imposed the maximum sentence of twelve years at hard labor with credit for time served. The sentence is to run consecutive to any other sentences being served. After a denial of a motion to reconsider the sentence, this appeal followed.
J^DISCUSSION
The defendant argues that the maximum sentence of twelve years at hard labor is *149 excessive because the trial court failed to place sufficient emphasis on mitigating factors and placed too much emphasis on prior burglary incidents suffered by the victim.
A two-pronged test is used to determine whether a sentence is excessive. The first inquiry is whether the record shows that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The defendant concedes that the trial court complied with the requirements of Article 894.1.
The second inquiry involves an examination of the circumstances of the case and the background of the defendant to determine whether the sentence imposed is too severe. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and senseless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Sutton, 32,871 (La.App.2d Cir.1/26/00), 750 So.2d 436. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing sentence, the trial court considered the PSI report. As noted by the trial court, the defendant was 36 years of age at the time of the offense. The trial court noted that the defendant had an extensive juvenile record as well as a lengthy adult record. The defendant’s adult record included convictions in 1983 for two counts of simple burglary of an inhabited dwelling. Parole was revoked after a 1988 conviction in California for grand theft auto. Thereafter, the defendant was convicted in 1994 on two counts of simple burglary. Parole for those offenses was also revoked in 1999 following more convictions for attempted felony theft and simple burglary. Parole on these latter two offenses was revoked in 2000. The defendant was classified in the PSI as a fourth felony offender due to having pled guilty to multiple offenses simultaneously. The defendant was placed on parole three times, and each time it was revoked. Due to his criminal history, parole eligibility was no longer an option.
|4The trial court also considered the defendant’s family and personal history. The defendant quit school at age 13, spent several years in LTI, obtained no GED or technical training, had no military experience, and had a minimal employment record. In mitigation, the trial court noted that the defendant had a problem with drugs and alcohol since the age of 13 and that he had recently completed a detox program. The trial court also considered *150 letters from the defendant’s mother and daughter, but found that the defendant’s imprisonment would not entail excessive hardship on either party.
The trial court determined that the defendant was in need of correctional treatment best provided in a custodial environment. There was no excuse or justification for the defendant’s conduct, which was the result of circumstances likely to recur. Finally, the trial court noted that the defendant had been given leniency at the time of his plea by the state agreeing not to file a multiple offender bill which would have substantially increased his sentencing exposure.
The defendant urges that the trial court failed to place sufficient emphasis on mitigating factors, particularly his drug and alcohol problems and the “relatively minor” nature of the offense. However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record adequately reflects the trial court’s | .¡awareness and consideration of these matters prior to imposing sentence. Moreover, while the trial court did reference losses sustained by the victim that were not pertinent to the matter at hand, the defendant’s sentence is more than justified by the numerous relevant factors set forth by the trial court prior to imposing sentence.
On this record, we find no sentencing error. As evidenced by his lengthy criminal record and history of parole revocations, the defendant has demonstrated an inability to conform his conduct to law-abiding behavior. He obtained significant benefit through his plea bargain which reduced sentencing exposure from no less than 20 years and no more than life imprisonment to 12 years. La. R.S. 15:529.1(A)(l)(c)(i). Considering the defendant’s history, the sentence of 12 years is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. We do not find this sentence to be constitutionally excessive. The defendant’s assignment of error is without merit.
CONCLUSION
We hereby affirm the defendant’s conviction and sentence.
AFFIRMED.