# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## KA04-1003

STATE OF LOUISIANA

VERSUS

BRIANT KEITH COLAR

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 03-544
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

**AFFIRMED.**

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and J. David Painter, Judges.

**Kenota Pulliam Johnson**
**Louisiana Appellant Project**
**P.O. Box 5781**
**Shreveport, LA 71135**
**Counsel for Defendant-Appellant**
         **Briant Keith Colar**

**Robert Vines**
**District Attorney's Office**
**300 Iberia Street**
**New Iberia, LA 70560**
**Counsel for Plaintiff-Appellee**
         **State of Louisiana**

**PAINTER, Judge.**

Defendant pled guilty to possession with intent to distribute cocaine, second or subsequent offense, and possession of marijuana, second or subsequent offense. The trial court sentenced Defendant to twenty-five years at hard labor for possession with intent to distribute cocaine, second or subsequent offense, and one year at hard labor for possession of marijuana, second or subsequent offense. Both sentences were ordered to run concurrent to each other and to Defendant's sentences in lower court docket numbers 00-478 and 00-648. Defendant appeals his sentences. For the following reasons, we affirm.

## Factual and Procedural Background

On or about February 7, 2003, police began an investigation of Defendant, Briant Keith Colar, and received information concerning his whereabouts. When Defendant left his residence by car, he was stopped by police. At that time, Defendant fled the scene. The occupant of Defendant's car gave police permission to search the home the two shared. Inside the residence, police found a large amount of cash along with cocaine and marijuana. Defendant was apprehended and later confessed that he had been selling drugs and that the money found was from those sales. The incident occurred within one thousand feet of North Street Elementary School.

Defendant was charged in a bill of information on April 1, 2003 with one count of possession with intent to distribute cocaine, second or subsequent offense, in violation of La.R.S. 40:967 and La.R.S. 40:982, one count of possession of marijuana, second or subsequent offense, in violation of La.R.S. 40:966 and La.R.S. 40:982, one count of violation of the controlled dangerous substance law within one thousand feet of property used as a school, in violation of La.R.S. 40:981.3, one count of resisting an officer, in violation of La.R.S. 14:108, and one count of transactions involving proceeds from drug offenses, in violation of La.R.S. 40:1049. Defendant initially

entered a plea of not guilty to all charges on April 3, 2003. However, on February 18, 2004, after a jury was seated and trial began, Defendant entered a plea of guilty to possession with intent to distribute cocaine, second or subsequent offense, and possession of marijuana, second or subsequent offense, and the remaining charges were dismissed. On April 16, 2004, Defendant was sentenced to twenty-five years at hard labor for possession with intent to distribute cocaine, second or subsequent offense. On the charge of possession of marijuana, second or subsequent offense, Defendant was sentenced to serve one year at hard labor. Both sentences were ordered to run concurrent to each other and to Defendant 's sentences in docket numbers 00-478 and 00-648. Additionally, the court ordered Defendant to participate in the About Face Program.

Defendant is now before this court asserting two assignment of errors: (1) The trial court erred in imposing excessive sentences; and (2) The trial court failed to particularize the sentences, thus the sentences violate the guidelines of La.Code Crim.P. art. 894.1.

**Discussion**

In his first assignment of error, Defendant contends the trial court erred in imposing excessive sentences. In his second assignment of error, Defendant contends the trial court failed to particularize the sentences, thus the sentences violate the guidelines of La.Code Crim.P. art. 894.1.

The State argues that Defendant is not entitled to appeal his sentences since the sentences were imposed in conformity with a plea agreement. In support of its argument, the State cites La.Code Crim.P. art. 881.2. This argument is incorrect. In an *en banc* opinion in *State v. Pickens*, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, *writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081, this Court held that "review is required in open-ended pleas

-2-

as here, because appeals are favored and there is a constitutional right in Louisiana to an appeal. *State v. Simmons*, 390 So.2d 504 (La.1980)." *Id*. at 702. This Defendant entered into an open-ended plea; therefore, he is entitled to appellate review of his sentences. Additionally, any assertion that Defendant waived his appeal when he entered into the plea agreement is also incorrect. In *Pickens*, 741 So.2d at 701, this court explained waiver of the right to appeal as follows:

> A defendant may waive his right to appeal, either expressly or impliedly, but that waiver must be knowing and voluntary. An implied waiver occurs when a defendant is told of his right to appeal by a trial court, but he chooses not to take the appeal within the time limits prescribed by law. It is express if a defendant is told that he has the right to appeal and he says in court, "I waive my right to appeal."

In addition, when a defendant pleads guilty pursuant to a plea bargain, jurisprudence traditionally holds that he is waiving only the right to appeal his conviction. *State v. Wilburn*, 591 So.2d 1255, 1256 (La.App. 3 Cir. 12/18/91), *writ denied*, 613 So.2d 970 (La.1993); *State v. Lawson*, 95-1604, (La.App. 1 Cir. 12/20/96); 684 So.2d 1150, *writ denied*, 97-191(La.6/13/97); 695 So.2d 986.

At the time Defendant in the case *sub judice* pled guilty, the trial court informed him of the following regarding his right to appeal: "And if you plead guilty, you can't appeal; because if you plead guilty, you can't appeal your guilty plea to the appellate court. So do you understand that if you plead guilty, you give up these rights I have explained to you?" The court was silent on the issue of the appeal of his sentence. Defendant did not specifically waive his right to appeal his sentences.

However, the record does not indicate that Defendant filed a motion to reconsider sentence, nor does the record indicate that Defendant orally objected to the sentences at the sentencing hearing. According to La.Code Crim.P. art. 881.1, a defendant has thirty days following the imposition of sentence to make or file a motion to reconsider sentence. It further states that failure to make or file a motion

to reconsider sentence precludes a defendant from raising, on appeal, any objection to the sentence. When the record does not indicate that any objection was made regarding sentencing, the defendant is precluded from appealing his sentence. *State v. Williams*, 01-0998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-0578 (La. 1/31/03), 836 So.2d 59.

Accordingly, Defendant's sentencing claims made in both assignment of error one and assignment of error two are barred pursuant to La.Code Crim.P. art. 881.1. However, this Court will review the Defendant's sentences for bare excessiveness in the interest of justice. *State v. Graves*, 01-0156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-0029 (La. 10/14/02), 827 So.2d 420.

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> > 1. The nature of the crime,

> > 2. The nature and background of the offender, and

> > 3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59.

Defendant pled guilty to possession with intent to distribute cocaine, second or subsequent offense, and was sentenced to serve twenty-five years at hard labor. For possession of marijuana, second or subsequent offense, Defendant was sentenced to serve one year at hard labor.

At the time of sentencing, the trial court indicated that it had reviewed letters from Defendant and his family and friends. The trial court then sentenced the Defendant, making the following comments:

> The Court considers the following: Mr. Colar is forty years old, he is a mature individual, so he certainly would know what he's doing and have had experience with the law before knowing what happens to him when he commits crimes. I consider his previous history: 1981 he was convicted for Attempted First Degree Murder. In Docket Number 00-478 he was convicted of Possession With Intent to Distribute Marijuana and Cocaine. Docket Number 00-648 he was convicted for Possession With Intent to Distribute Cocaine. And of course in this matter he pled guilty to Possession With Intent to Distribute Cocaine and Possession of Marijuana second or subsequent offender.

> So Mr. Colar's life has been one basically spent in violating the law and more particularly one crime of violence and three crimes of distribution of drugs, cocaine and marijuana previously. And then of course in this instance another Distribution of Cocaine and Possession of Marijuana, [s]o that the Court finds that Mr. Colar is in need of incarceration both to protect society from Mr. Colar, and because of Mr. Colar's prior offense the Court finds that a lesser sentence then [sic] I'm going to give would depreciate the seriousness of these offenses and his prior record. Of course, he's not a candidate for probation or suspended sentence because in the past he's proved that despite being on probation he continues to commit other crimes, or despite being on parole he continues to commit other crimes. So Mr. Colar basically has chosen, it would, seem to spend a life as a criminal. The vast majority of people in our society do not choose to be criminals and they do not commit crimes.

> I'm familiar with Mr. Colar's complaints about his childhood and his upbringing and certainly he had a tough time and he has excuses there for growing up in a difficult situation and in a rough situation. However, the majority of people who grow up in that situation do not become criminals.

Contrary to Defendant's assertions that the trial judge failed to consider his family history, lack of education, and his admitted drug addiction, it is clear from the above-quoted comments that the trial court did, in fact, consider all of these things in sentencing Defendant. Furthermore, the trial judge sentenced Defendant to participate in the About Face Program.

As part of Defendant's guilty plea, the State dismissed one count of resisting an officer and one count of transactions involving proceeds from drug offenses, and agreed not to enhance the sentences for possession with intent to distribute cocaine and possession of marijuana as a result of the fact that the violations occurred within one thousand feet of a school zone. Additionally, as part of the plea agreement, the State agreed to recommend that Defendant's sentences in the case at bar run concurrent to each other and any "time he owes on any other convictions." The State also agreed not to bill Defendant as a multiple offender.

Since Defendant was a second or subsequent offender, he could have received a sentence of up to sixty years for possession with intent to distribute cocaine. La.R.S. 40:967 and La.R.S. 40:982. Thus, Defendant's mid-range sentence for that offense is not excessive in light of the benefits received as a result of his guilty plea.

Defendant was ordered to serve one year at hard labor for possession of marijuana, the maximum sentence for that offense. La.R.S. 40:966 and La.R.S. 40:982. That sentence is not excessive in light of the fact that it was ordered to run concurrent to Defendant 's sentence for possession with intent to distribute cocaine.

These assignments lack merit.

It must also be noted that the record of the proceedings in the court below does not indicate that the trial judge told the Defendant at sentencing that, pursuant to La.R.S. 40:967(B)(4)(b), two years of the sentence for possession of cocaine with intent to distribute, second offense, must be served without benefit of parole,

probation or suspension of sentence. La.R.S. 40:967(B)(4)(b) requires such a restriction.

Louisiana Revised Statutes 15:301.1(A) and (C) provide that provisions which require that all or a portion of a sentence be served without benefit of probation, parole, or suspension of sentence are self-activating and occur by operation of law. Subsection (A) of that statute reads as follows:

> When a criminal statute requires that all or a portion of a sentence imposed for violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without or probation, parole, or suspension of sentence.

The Louisiana Supreme Court, in *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790 at 799, determined that La.R.S. 15:301.1(A) "self-activates the correction and eliminates the need for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute." *See also State v. Joseph*, 02-717 (La.App. 5 Cir. 01/14/03), 839 So.2d 103, *writ granted*, 03-315 (La. 05/16/03), 847 So.2d 1196, *aff'd on remand*, 02-717 (La.App. 5 Cir. 06/27/03), 850 So.2d 1049, and *State v. Segura*, 02-280 (La.App. 5 Cir. 09/30/02), 829 So.2d 587, *writ denied*, 02-2696 (La. 03/28/03), 840 So.2d 569.

Thus, pursuant to the Louisiana Supreme Court's decision in *Williams*, we find that the trial judge's failure to specify that Defendant's sentence was subject to the restrictions listed in La.R.S. 40:967(B)(4)(b) and does not require remand for correction. Instead, the judge's sentence is deemed to include those restrictions by operation of law.

## Decree

For the foregoing reasons, the sentences of Defendant, Briant Keith Colar, are affirmed.

**AFFIRMED.**