# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1401

**STATE OF LOUISIANA**

**VERSUS**

**CHRISTOPHER B. MILLER**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR168-12
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and John E. Conery, Judges.

**AFFIRMED.**

**Hon. James David Caldwell**
**Attorney General**
**Jeff W. Traylor**
**Terri R. Lacy**
**Assistant Attorneys General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6200**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Christopher B. Miller**

**PICKETT, Judge.**

## FACTS

The following factual basis was recited by the Attorney General in support

of the defendant's guilty plea:

> Had this case gone to trial, the State was prepared to prove that on August 15th of 2011, the defendant was in Jefferson Davis Parish and went into the vehicle - - he was in the area of East Academy Avenue. He went into the vehicle of Ms. Stacey Naquin who is employed at the district attorney's office. He went in the vehicle without her permission and took her badge from work without her permission and stole the badge out of her vehicle.

The defendant, Christopher B. Miller, was charged by bill of information

filed on March 1, 2012 with seven counts of simple burglary of a vehicle,

violations of La.R.S. 14:62.[1] The defendant entered pleas of not guilty on March

26, 2012. Thereafter, on May 30, 2012, the defendant changed his plea from not

guilty to guilty of one count of simple burglary. In exchange for the defendant's

guilty plea, the state agreed to dismiss counts two through seven and agreed to

dismiss a misdemeanor marijuana charge. The state also agreed not to charge the

defendant as a habitual offender. Before accepting the guilty plea, the trial court

informed the defendant that because he was entering the guilty plea "straight up,"

the trial court was ordering a Pre-Sentence Investigation Report (PSI).

On November 19, 2012, the trial court sentenced the defendant to the

maximum sentence of twelve years at hard labor and ordered the sentence to run

concurrently with the defendant's probation revocation in docket number CR-

---

[1] On February 15, 2012, the trial court granted the District Attorney's motion for recusal and appointed the Attorney General of the State of Louisiana to act in the place of the District Attorney. (R. p. 11.)

1122-09.[2]  The defendant filed a written motion to reconsider sentence on November 26, 2012, alleging that the sentence imposed was excessive.  The trial court denied the motion to reconsider without a hearing.  On that same date, November 26, 2012, the defendant filed a motion for appeal, which was granted by the trial court.

The defendant is now before this court asserting one assignment of error, the excessiveness of the maximum sentence imposed.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record.  After reviewing the record, we find no errors patent.

## ISSUE RAISED BY THE STATE

The state argues that the defendant is precluded from appealing his sentence because the defendant entered an oral and written waiver of his right to appeal all non-jurisdictional errors when he pled guilty.  In a reply brief responding to this argument, the defendant argues that because he entered into an open-ended plea without a sentencing recommendation or sentencing cap, he did not waive his right to appeal his sentence.  The defendant is correct.

As cited by the defendant in his reply brief, in *State v. Pickens*, 98-1443, p. 9 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, 702, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, *and writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081 (citing *State v. Simmons*, 390 So.2d 504 (La.1980)),  this court held that appellate review is required in open-ended pleas "because appeals are favored and there is a

_____

[2] Before the trial court took up the defendant's guilty plea to simple burglary, the defendant admitted that he violated his conditions of probation in another matter (CR-1122-09), and the trial court revoked the defendant's probation in that matter.

2

constitutional right in Louisiana to an appeal." The holding in *Pickens* was reiterated in *State v. Curtis*, 04-111, p. 2 (La.App. 3 Cir. 8/4/04), 880 So.2d 112, 114, *writ denied*, 04-2277 (La. 1/28/05), 893 So.2d 71, where this court held that it was "not automatically precluded from reviewing a sentence unless the plea agreement provides a specific sentence or sentencing cap." Again, in *State v. Colar*, 04-1003 (La.App. 3 Cir. 2/2/05), 893 So.2d 152, this court held that Colar was entitled to an appellate review of his sentences since he entered into an open-ended plea. Finally, in *State v. Cosey*, an unpublished opinion bearing docket number 11-774 (La.App. 3 Cir. 2/1/12), this court noted that "when a defendant pleads guilty pursuant to a plea bargain, jurisprudence traditionally holds that he is waiving only the right to appeal *his conviction*." *Id.* at p. 5.

In the present case, both the written plea agreement and the plea colloquy establish that the defendant entered into a plea "straight up." The trial court informed the defendant that it would order a PSI, hold a sentencing hearing, and then decide the sentence it would impose. Thus, the defendant did not plead to an agreed upon sentence or a sentencing cap. The defendant entered into an open-ended plea and is not precluded from appealing his sentence. Accordingly, we will address the defendant's assigned error.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant contends that the sentence he received is excessive. In addition to arguing that the maximum sentence is excessive based on the circumstances of the offense and the background of the offender, the defendant notes that the trial court failed to consider as a mitigating factor La.Code Crim.P. art. 894.1(B)(22), i.e, that his conduct did not cause or threaten serious harm. The trial court's failure to consider this factor, however,

3

was not raised in the defendant's written motion to reconsider. Although the defendant filed a timely written motion to reconsider sentence, the defendant alleged only that the sentence imposed was excessive. Thus, according to the jurisprudence of this court, the defendant is limited to a bare claim of excessiveness:

> Louisiana Code of Criminal Procedure Article 881.1(E) requires a defendant to set forth the specific grounds on which a motion to reconsider may be based. Failure to include a specific ground upon which a motion to reconsider sentence may be based "shall preclude . . . the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." In the present case, although the defendant generally raised the issue of excessiveness in his motion to reconsider sentence, he failed to specifically allege that the trial court failed to consider the factors of La.Code Crim.P. art. 894.1. Accordingly, because that claim was not specifically set forth in his motion to reconsider, it cannot be reviewed in this appeal, . . . and our review of the defendant's sentence is restricted to his bare claim of excessiveness.

*State v. Sinegal*, 11-1217, p. 32 (La.App. 3 Cir. 8/1/12), 97 So.3d 649, 669-70 (quoting *State v. Prejean*, 10-480, pp. 2-3 (La.App. 3 Cir. 11/3/10), 50 So.3d 249, 251-52.) (citations omitted). *See also State v. Compton*, 11-68 (La.App. 3 Cir. 6/1/11), 66 So.3d 619, *writ denied*, 11-1362 (La.App. 3 Cir. 12/2/11), 76 So.3d 1177; and *State v. Jones*, 10-786 (La.App. 3 Cir. 4/27/11), 63 So.3d 330, *writ denied*, 11-1035 (La. 11/4/11), 75 So.3d 923.

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the

4

statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331. . . .

[E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Decuir*, 10-1112, pp. 11-13 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790-91.

Finally, it is well-settled that "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Barnes*, 12-667, p. 2 (La.App. 3 Cir. 12/5/12), 103 So.3d 1254, 1256 (quoting *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 255).

The defendant pled guilty to simple burglary of a vehicle, which is punishable by a term of imprisonment not to exceed twelve years and/or a fine of not more than $2,000.00. La.R.S. 14:62. The defendant was sentenced to the maximum term of imprisonment, twelve years at hard labor.

In its reasons for sentencing the defendant, the trial court noted that it had received and carefully studied the PSI. The trial court also noted that the defendant had no juvenile criminal history. However, the trial court noted, the defendant does have an adult criminal history:

> On August the 3rd of 2009, you were found guilty of possession of a legend drug without permission and resisting an officer in Deland, Florida, and you were sentenced to 10 days in the county jail. On April the 28th of 2010, you were sentenced in Jennings, Louisiana under Code of Criminal Procedure article 893 on a charge of simple burglary and placed on three years of supervised probation. However, you admitted to violating the conditions of probation on June 1, 2011 and again on May 30th of 2012, and were sentenced to serve seven years with the Department of Corrections.

> In addition, you are currently having [sic] pending charges of firearm by a convicted felon, charged with possession of a firearm by a convicted felon, felony theft, illegal possession of stolen things, simple burglary, and simple burglary of an inhabited dwelling that is either set for trial or under review in Vernon Parish.

The defendant informed the trial court that he was sentenced to 15 years in Vernon Parish.

After noting the defendant's adult criminal history, the trial court stated for the record that the defendant had been charged with seven counts of simple burglary in the present case but entered a plea to only one count of simple burglary. The trial court also took notice of the fact that the defendant was twenty-one years of age, stating that "[t]his has been taken into consideration in mitigating and this is the maximum sentence." The trial court stated, however, that there were no

6

other mitigating factors. The trial court concluded his reasons for sentencing by stating:

> Your involvement in criminal activity demonstrates to this Court that you cannot live in society and that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for a significant period of time. Anything less would deprecate from the seriousness of your offense, would not promote respect for the law, and would not provide a just punishment for the crime for which you are charged or you stand convicted. This Court has the obligation to protect the public from you and will do so by removing you from society.

The trial court then sentenced the defendant to the maximum term of imprisonment, twelve years at hard labor, and ordered the sentence to run concurrently with the defendant's probation revocation sentence in CR-1122-09.

In further support of his excessiveness argument, the defendant contends that his youth justifies the imposition of a lesser sentence because of the chance he will be rehabilitated. The defendant cites a fourth circuit case for the proposition that "[a] youthful offender is generally worthy of a lesser sentence due to his lack of maturity." In that case, *State v. Burns*, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, *writ denied*, 98-3054 (La. 4/1/99), 741 So.2d 1282, the fourth circuit found that the mandatory life sentence for a habitual offender was unconstitutionally excessive in Burns' case. As one of the reasons for its finding, the fourth circuit noted that Burns was only twenty-five years old and that its jurisprudence "believ[ed] that age is a factor to be considered when the statutes impose such harsh penalties." *Id.* at 1019. The fourth circuit further stated:

> While the State argues that defendant's accumulation of four felonies by the tender age of twenty-five exemplifies his criminal propensities and complete lack of respect for law and order, we believe he is young enough to be rehabilitated. He indeed deserves serious punishment, including imprisonment, but a sentence less than life would afford him the opportunity to partake in self-improvement classes while incarcerated and the possibility of a productive future. He is also

7

> young enough to overcome his addiction to cocaine, the root of his criminal problems.

*Id.* Before concluding that the mandatory life sentence was unconstitutionally excessive for Burns, the fourth circuit noted as additional mitigating factors Burns' supportive father, Burns' non-violent prior offenses, and Burns' diminished brain function due to a gunshot wound to the head. Finally, the fourth circuit noted the financial burden that a life sentence imposes on state taxpayers.

Unlike the situation in *Burns*, the present defendant is not exposed to a mandatory life sentence. Thus, even with the imposition of the maximum sentence, the present defendant will have the chance of rehabilitation. Although this court has recognized a defendant's youth as a mitigating factor, we have found no cases where this court found that youth alone justifies the imposition of a lesser sentence.

In further support of his excessiveness argument, the defendant cites several cases where a ten-year sentence was imposed in arguably similar circumstances. In *State v. Burns*, 32,904 (La.App. 2 Cir. 2/1/00), 750 So.2d 505, the second circuit affirmed a ten-year hard labor sentence for the simple burglary of a Salvation Army Surplus Store. The simple burglary constituted Burns' third felony conviction, with prior convictions for possession of stolen property, attempted simple burglary, and a probation revocation. Burns was also facing an armed robbery charge at the time of sentencing.

In *State v. Griffin*, 536 So.2d 826 (La.App. 1 Cir. 1988), another case cited by the defendant, the first circuit affirmed a ten-year sentence for Griffin's guilty plea to simple burglary. Griffin kicked in the door of a residence and stole property belonging to the victim. Griffin was an eighteen-year-old first-felony offender with an extensive juvenile record involving theft, criminal damage to

8

property, simple burglary, simple assault, possession of stolen things, aggravated battery, and attempted forcible rape. Griffin had also been previously charged with simple robbery and pled guilty to the reduced charge of misdemeanor theft, for which Griffin's probation was terminated unsatisfactorily.

In *State v. Runnels*, 12-167 (La.App. 3 Cir. 11/7/12), 101 So.3d 1046, another case cited by the defendant, this court affirmed a ten-year hard-labor sentence for a simple burglary, with three years suspended and four years supervised probation. Runnels broke into the storage shed of a Pizza Hut and stole various cleaning supplies and a shovel. Runnels was a forty-six year old with a prior history including cultivation of marijuana, seven counts of simple robbery, unauthorized use of a moveable, and disturbing the peace by public intoxication.

Additionally, the defendant cites *State v. Thompson*, 46,473 (La.App. 2 Cir. 9/21/11), 72 So.3d 978, *writ denied*, 11-2159 (La. 3/23/12), 85 So.3d 88, in which the second circuit upheld a ten-year sentence on a fifth-felony offender convicted of simple burglary of a vehicle, and *State v. Washington*, 11-490 (La.App. 3 Cir. 11/2/11), 76 So.3d 1264, in which this court affirmed a ten-year hard-labor sentence on a second-felony offender convicted of simple burglary of an inhabited dwelling, during which the victim was shot.

Finally, the defendant claims that since the trial court was silent as to whether his twelve-year sentence would run concurrently or consecutively to the fifteen-year sentence imposed in Vernon Parish, the sentences will have to be served consecutively. This fact, the defendant claims, is further reason for this court to find the twelve-year maximum sentence for simple burglary is excessive.

In its brief, the state argues that the sentence is not excessive in light of the defendant's multiple-offender status and the fairness of the plea agreement. The

9

state also notes that if the defendant had been convicted of all the simple burglary counts for which he was charged and billed as a habitual offender, he would have faced a sentence of life imprisonment.

We note this court's recent opinion in a similarly situated case, *State v. Robertson*, an unpublished opinion bearing docket number 12-889 (La.App. 3 Cir. 2/27/13). In *Robertson*, the defendant pled guilty to one count of simple burglary of a vehicle for removing change, movies, and a knife from a vehicle he did not own. Robertson also pled guilty as a second habitual offender. Robertson was sentenced as a second habitual offender to serve fourteen years at hard labor. In *Robertson*, this court cited two cases in which an eighteen-year sentence and a fifteen-year sentence, respectively, were affirmed for defendants convicted of simple burglary and found to be second habitual offenders. *State v. Sanders*, 542 So.2d 1134 (La.App. 3 Cir. 1989) and *State v. Jones*, 537 So.2d 848 (La.App. 5 Cir. 1989).

In *State v. Hearold*, 34,183 (La.App. 2 Cir. 1/24/01), 777 So.2d 1269, *writ denied*, 01-807 (La. 11/16/01), 801 So.2d 1076, the second circuit found the maximum twelve-year sentence was appropriate for a defendant who pled guilty to one count of simple burglary. Hearold was also charged with four counts of felony theft, one of which was dismissed pursuant to the plea agreement. Several other unrelated charges of issuing worthless checks and theft were also dismissed. In finding the maximum sentence appropriate, the second circuit noted Hearold's lengthy juvenile record, his limited employment history, his misbehavior while in jail, and his continued criminal behavior while out on bond.

In *State v. Burns*, 36,337 (La.App. 2 Cir. 9/18/02), 828 So.2d 147, the second circuit upheld the twelve-year maximum sentence for the simple burglary

10

of a vehicle. Burns pled guilty as charged in exchange for the state's agreement not to file a multiple offender bill. Burns was a thirty-six-year-old with an extensive juvenile record and lengthy adult record, including three prior parole revocations. Considering Burns' lengthy criminal record, history of parole revocations, and the significant benefit he received from the state's agreement not to file a multiple offender bill, the second circuit found the twelve-year maximum sentence was not excessive.

Despite the fact that the defendant cites cases wherein a lesser sentence was imposed upon similarly situated defendants, we find the trial court did not abuse its discretion in imposing the maximum sentence in this case. As stated by the first circuit in *State v. Hilton*, 99-1239, p. 16 (La.App. 1 Cir. 3/31/00), 764 So.2d 1027, 1037, *writ denied*, 00-958 (La. 3/9/01), 786 So.2d 113 (citing *State v. Chaney*, 537 So.2d 313 (La.App. 1 Cir. 1988), *writ denied*, 541 So.2d 870 (La.1989), maximum sentences are appropriate for the most serious offenses and the worst offenders or "when the offender poses an unusual risk to the public safety due to his past conduct or repeated criminality." As noted by the trial court, the present defendant has a criminal history, including the revocation of probation. Furthermore, the defendant received a substantial benefit by pleading guilty — the dismissal of six counts of simple burglary, the dismissal of a misdemeanor marijuana charge, and the state's agreement not to file a habitual offender bill. If the state had filed a habitual offender bill on the one count of simple burglary to which the defendant pled, the defendant could have been charged as a second-felony offender (exposing him to a possible sentence of six to twenty-four years) or a third-felony offender (exposing him to a possible sentence of eight years to life imprisonment), depending on the status of the charge and/or conviction in Vernon Parish.

11

Additionally, if the defendant had been convicted of all seven counts of simple burglary, the state could have multi-billed him on each count. *State v. Shaw*, 06-2467 (La. 11/27/07), 969 So.2d 1233. Considering these factors, the factors cited by the trial court, a comparison of other cases, and the trial court's great discretion in imposing a sentence, we find the trial court did not abuse its discretion by imposing the maximum sentence in this case.

## CONCLUSION

The defendant's sentence is affirmed.

**AFFIRMED.**