NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-103

STATE OF LOUISIANA

VERSUS

RAYMOND CELESTINE, IV

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 85396
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Jonathan W. Perry, and Wilbur L. Stiles, Judges.

AFFIRMED.

Mary Constance Hanes
Louisiana Appellate Project
Post Office Box 4015
New Orleans, LA  70178-4015
(504) 866-6652
COUNSEL FOR DEFENDANT/APPELLANT:
        Raymond Celestine, IV

**Donald Dale Landry**
**District Attorney**
**Post Office Box 3306**
**Lafayette, LA  70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Elliott C. Cassidy**
**Assistant District Attorney**
**Post Office Box 288**
**Crowley, LA  70526**
**(337) 788-8831**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**PERRET, Judge.**

Defendant, Raymond Celestine, IV, appeals his thirty-year sentence for manslaughter, arguing that it is unconstitutionally excessive. For the following reasons, we affirm the trial court's sentence.

**PROCEDURAL HISTORY AND FACTS:**

In April 2016, Defendant shot and killed the victim, Anthony Citizen, at Vautrot's Store, a gas station located in Acadia Parish. Following the shooting, Defendant turned himself into the authorities, where he was arrested for second degree murder. Thereafter, a grand jury of Acadia Parish indicted Defendant on the charge of second-degree murder, a violation of La.R.S. 14:30.1. On May 24, 2021, Defendant withdrew his previous plea of not guilty and entered a plea of "no contest" to the amended charge of manslaughter, a violation of La.R.S. 14:31. Thereafter, the trial court ordered a pre-sentence investigation.

On October 27, 2022, the trial court sentenced Defendant to thirty years at hard labor with the Department of Corrections. Defense counsel objected to the imposed sentence and made an oral motion to reconsider sentence due to its excessiveness. The court subsequently denied the motion.

On November 2, 2022, Defendant separately filed a motion to reconsider the sentence and a notice of appeal with the court. On November 3, 2022, the trial court set a hearing for the motion to reconsider sentence and granted the notice of appeal.

On January 12, 2023, the trial court held a hearing on Defendant's motion to reconsider sentence, at which time defense counsel asserted the court failed to consider the aggravating and mitigating circumstances in the case. The trial court subsequently denied the motion, noting that "it could have been considered second degree murder" and "[it] thought that the shooting was merciless."

Defendant now appeals his sentence, arguing it is unconstitutionally excessive.[1]

**DISCUSSION:**

In his sole assignment of error, Defendant alleges his thirty-year sentence for manslaughter is excessive under the circumstances. Specifically, Defendant claims the trial judge abused his discretion in imposing such a severe sentence considering the facts of the case and the fact that he was only eighteen years old at the time of the shooting and had no criminal history.

*In State v. Soileau*, 13-770, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005–06 (alterations in original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261, this court addressed the following guidelines regarding an excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant

---

[1] In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

Additionally, in *State v. Wortham,* 47,431, pp. 4–5 (La.App. 2 Cir. 11/14/12), 107 So.3d 132, 135–36 (emphasis added), the second circuit provided a useful recitation of the law:

> **Where the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even where the trial court has not fully complied with the sentencing guidelines of La.C.Cr.P. art. 894.1**. *State v. Lanclos,* 419 So.2d 475 (La.1982); *State v. McGraw,* [616 So.2d 262 (La.App. 2 Cir. 1993)]. The important elements which should be considered are the defendant's personal history, prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. McGraw, supra.* The trial court is not required to weigh any specific matters over other matters. *State v. Moton,* 46,607 (La.App. 2 Cir. 9/21/11), 73 So.3d 503, *writ denied,* 11-2288 (La. 3/30/12), 85 So.3d 113; *State v. Caldwell,* 46,645 (La.App. 2 Cir. 9/21/11), 74 So.3d 248, *writ denied,* 11-2348 (La. 4/27/12), 86 So.3d 625.
>
> . . . .

**When a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense**. *State v. Fatheree*, [46,686 (La.App. 2 Cir. 11/2/11), 77 So.3d 1047]*; State v. Germany,* 42,239 (La.App. 2 Cir. 4/30/08), 981 So.2d 792.

Originally, the grand jury indicted Defendant on the charge of second-degree murder. Second degree murder refers to the killing of a human being "[w]hen the offender has a specific intent to kill or to inflict great bodily harm[.]" La.R.S. 14:30.1(A)(1). Second degree murder requires "life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence." La.R.S. 14:30.1(B).

However, Defendant pled "no contest" to the lesser charge of manslaughter, a crime "which would be murder . . . but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection." La.R.S. 14:31(A)(1). As noted by the trial judge, manslaughter requires imprisonment at hard labor for no more than forty years without the restriction on parole eligibility. La.R.S. 14:31(B). Defendant was sentenced to thirty years. Thus, Defendant received a higher range sentence but less than the maximum.

On October 27, 2022, a sentencing hearing was held where the State and defense had witnesses testify. The State first called Michael Citizen, the brother of the victim, to testify on behalf of himself and his family as to their grief and sense of loss following the victim's death. Mr. Citizen stated that his mother had not been the same since the night of the shooting and that a part of her died with the victim. Mr. Citizen also stated that the victim's death left the family empty inside and even

affected the victim's children. At the conclusion of his testimony, Mr. Citizen asked the court to impose the maximum sentence possible for Defendant.

Following Mr. Citizen's testimony, defense counsel called several factual witnesses to discuss the history between the victim, Defendant, and Defendant's family. First, defense counsel called Kantarisse Lazaro, Defendant's older brother, to testify as to the association between Mr. Lazaro and the victim. Mr. Lazaro stated that he knew the victim due to Mr. Lazaro's involvement with another individual, Mr. Nicholas Dupuis. Mr. Lazaro further indicated that following a dispute between him and Mr. Dupuis, the victim took Mr. Dupuis' side. Mr. Lazaro also testified that the victim pulled a gun on him and his family, and on another occasion, the victim got into an altercation with Defendant.

Then, defense counsel called Courtney Thibodeaux, the mother of Lazaro's children, to testify as to her background with the victim. Ms. Thibodeaux stated that she had received threats from people regarding her involvement with Mr. Lazaro and his involvement with Mr. Dupuis. Ms. Thibodeaux indicated that the victim did not threaten her directly; however, she did recall an incident where Mr. Lazaro and the victim got into an altercation where she was scared for her and her kids' lives. Ms. Thibodeaux stated a gun was possibly involved during the confrontation between Mr. Lazaro and the victim at that time.

Following Ms. Thibodeaux's testimony, defense counsel called Joseph "Tyler" Boudreaux, Ms. Thibodeaux's brother, to the stand. Mr. Boudreaux stated that he had been with Defendant the night of the shooting. Mr. Boudreaux testified regarding the first encounter between the victim and Defendant, where the victim punched Defendant several times at a nightclub. Mr. Boudreaux also stated that the victim had a gun with him.

At the conclusion of the fact witnesses' testimonies, defense counsel asked the trial court to take judicial notice of a statement made by Latasha Mouton regarding the victim's involvement in threats and possible retaliation against Mr. Lazaro and his family. According to Ms. Mouton's statement, Mr. Dupuis wanted the victim to kill Mr. Lazaro.[2]

Defense counsel also called Dr. Sasha Lambert, a clinical psychologist, to testify. Dr. Lambert testified regarding Defendant's mental state during the night of the shooting as well as his intellectual ability for his age. Dr. Lambert stated that due to Defendant's age and emotional state that night, he probably had a difficult time making a well-reasoned decision in the moment of the shooting.

Following Dr. Lambert's testimony, Defendant made a statement to the victim's family, apologizing for his actions. Defendant explained that after watching the video of the shooting, he determined his perception had been wrong because he believed the victim had been chasing him. Defendant also apologized to his family for leaving them.

In argument to the trial court, defense counsel noted Defendant was eighteen years old at the time of the shooting, and Defendant had reason to believe his life was threatened due to the history between himself and the victim. Defense counsel requested the trial court impose a lower range sentence for Defendant.

At the conclusion of the sentencing hearing, the trial judge stated:

> All right. Mr. Celestine, it says here that your date of birth is 6/22/95. And the offense date is April 16, 2016. And you are classified as a first felony offender in this case. Manslaughter 14:31: "Whoever commits the crime of manslaughter shall be imprisoned at hard labor for not more than 40 years." And, I tell you what, this is a terrible case. You know, I watched the video, and certainly there is no justification.

---

[2] Defense counsel introduced Ms. Mouton's written statement into evidence at the sentencing hearing.

Let's just say there's no claim of self-defense here, because obviously they drove up on the scene looking for Mr. Anthony Citizen. And so, I don't think you were justified in any kind of way in doing it. I will say that I do see that there was some history between your brother and Mr. Anthony, but I don't see any kind of justification.

And then, after watching the video, and I apologize for having to say it, but the eight (8) shots chasing behind someone, running him down after they have fallen on the ground continuing to shoot him is just certainly an aggravating circumstance at the very least. Because had you shot him and he fell on the ground and shouldn't have continued to shoot, it would have been over, and he would have lived through the whole thing. But anyway, I think the fatal shots were fired on the ground as best I can tell from watching the video.

And I am going to sentence you to thirty (30) years hard labor. I will say that I'm giving you just that little bit because you are a young man. I could have gave [sic] you the whole 40, but I'm going to give you 30 because you're a young man, and you may have a chance to come out and do something good to make up for the bad things you've done. But, you know, that's something you will have to live with.

Defense counsel objected to Defendant's sentence and moved for reconsideration of the sentence, asserting the sentence was excessive and there was no indication in discovery that showed Mr. Citizen was shot on the ground. The court denied the motion. Defense counsel also filed a written motion to reconsider sentence. At the hearing thereon, the trial court reiterated that the only mitigating factor was Defendant's young age. The court also stated it took into consideration Defendant's age when it took ten years off the maximum sentence of forty years. However, the court noted the shooting was merciless and could have been considered second degree murder. Thus, the trial judge upheld the thirty-year sentence.

Defendant's appellate counsel argues Defendant's sentence is excessive because he was eighteen years old at the time of the shooting and had no criminal

7

history.[3] Moreover, Defendant's appellate counsel argues the trial judge minimized the fraught circumstances leading up to the shooting and failed to consider that Defendant believed the victim had a gun and Defendant had been a victim of an unprovoked beating of the deceased.

This court has previously upheld near maximum sentences for youthful offenders with no prior criminal history in manslaughter cases. In *State v. Banks*, 16-34 (La.App. 3 Cir. 6/1/16), 194 So.3d 1224, this court upheld a twenty-five-year sentence for a seventeen-year-old juvenile who did not have a criminal record. The defendant, along with the co-defendants, intended to rob the victim. During their invasion of the victim's home, a confrontation arose, and one of the defendants stabbed the victim multiple times. The victim succumbed to his injuries. The defendant was originally charged with first degree murder, criminal conspiracy to commit armed robbery, and armed robbery. The defendant ultimately pled guilty to the lesser charge of manslaughter. Following a presentence investigation and sentencing hearing, the trial court sentenced the defendant to twenty-five years because there were not any grounds or excuses for his conduct. The court also stated that the defendant needed correctional treatment for his actions. The defendant appealed, asserting his imposed sentence was excessive due to his age and lack of prior criminal record. This court held that the trial court did not abuse its discretion since the defendant could have helped save the victim after he saw him crawling on the ground, and he benefited from a twenty-five-year sentence instead of life imprisonment.

---

[3]According to Defendant's date of birth, he was twenty years old at the time of the shooting, not eighteen years old.

In *State v. Cedars*, 16-1044 (La.App. 3 Cir. 7/19/17) (unpublished opinion) (2017 WL 3334872), *writ denied*, 17-1343 (La. 4/27/18), 239 So.3d 838, this court upheld a thirty year sentence for a conviction of manslaughter for a seventeen-year-old offender who lacked a criminal record. On the day of the shooting, the victim had a dispute with the defendant's mother and the defendant's girlfriend. Later that day, the victim and the defendant's co-defendant got into an altercation, wherein the co-defendant shot the victim in the buttocks. The defendant then shot the victim six times. The trial court sentenced the defendant to thirty years at hard labor because the defendant shot the victim in the face at close range. The defendant appealed and alleged the sentence was excessive because he was seventeen years old at the time of the offense and believed he was protecting his family from domestic violence. This court held that the trial court did not abuse its discretion in sentencing the defendant to thirty years at hard labor because the defendant shot the victim, who was already wounded, six times with one shot being fired at point-blank range.

In this case, the trial court verbally indicated which factors were applicable to Defendant's case. The trial court considered mitigating factors, including Defendant's age and lack of criminal history, as well as aggravating factors, including Defendant shooting the victim eight times. Even with the witnesses describing the history between the victim and Defendant, the trial court did not see any justification for Defendant's actions. As stated by the trial court, Defendant could have been found guilty of second-degree murder; however, he received a significant reduction in criminal penalties by pleading guilty to the lesser charge of manslaughter. Even though Defendant contends his thirty-year sentence is excessive due to his age, this court has previously recognized in *State v. Miller*, 12-1401

9

(La.App. 3 Cir. 6/5/13), 114 So.3d 670, that youth alone does not justify the imposition of a lesser sentence.

Therefore, we find appellate counsel failed to prove the trial court abused its discretion in sentencing Defendant to thirty years for the offense of manslaughter. Moreover, Defendant's sentence is not so disproportionate to the severity of the offense as to shock the sense of justice.

Due to the reasons discussed, we hereby affirm Defendant's sentence.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

10